Thank you, Your Honors. Lauren Eskenazi for Petitioner Bismarck Ceja. I'd like to reserve three minutes for rebuttal. May it please the Court. At a minimum, the uncertainty in the law in this case, both with respect to PACE and with respect to the issue of first impression regarding DNA testing, entitles or should entitle petitioner to equitable tolling, at least with a remand to the district court for a finding on undue diligence. Well, let's jump to the chase. I mean, we look at the website that's relevant and find out this case was dismissed on the basis of Robbins just recently, and we were never notified of that until your 28-J letter. I mean, doesn't that end the timeliness inquiry? We've got a definitive statement from California citing Robbins that it wasn't timely. Doesn't that end it? Absolutely not. Why not? Well, the DNA issue has nothing to do with California's time bars at all. It has to do with whether the DNA litigation told the statute of limitations. And the federal habeas petition was filed December of 2000. What case or statute do you have that best supports your argument that the DNA issue ought to accomplish what you're saying it does? Osborne, I think. Collectively, Osborne, Skinner, and Coley, but Osborne most strongly. Osborne's very clear that petitioners or prisoners, I should say, have a procedural due process right, a constitutional right. It's a very limited right, but what it says is that every state must provide a prisoner with the opportunity to test DNA and provide them with relief. And there's nothing in Osborne that says that that needs to be done in one statute. In fact, in Osborne, the Supreme Court analyzed a series of statutes from Alaska. And in Alaska, there was no one statute that said provided both access to testing and relief in one statute. Where does it say in Osborne this qualifies under the whole habeas rubric? Yes. Where does it say in Osborne that this tolls either statutorily or equitably or any other way? It doesn't. It's an open question of law. It doesn't? No, it's an open question of law, and it's an issue of first impression. Different question. Because I read it, neither equitable tolling nor the DNA testing issue was raised in district court. Why should we get into it? Well, I think indirectly that they were. Well, what does indirectly mean? Those are words that don't accomplish very much. It either was or it wasn't. Well, there are, actually, in a footnote, it does address the DNA litigation. And so in that respect, it does. Well, in that respect, I mean, there it goes again. We're alighting and sliding all over the place. Well, the arguments aren't as precise in the district court because we have a pro per litigant. But the issues, I think, are preserved there. Secondly, I think, again, it's an extremely important issue. At least the DNA issue is an issue of first impression. It goes to innocence. And it's going to affect. Well, all the more reason for there to be a developed record on it. I'm sorry. Could you repeat that? I'm so sorry. Or isn't that all the more reason for there to be a record made in the district court? I think, why should we wade into an issue of first impression ourselves? Well, first, it is an issue of pure issue of law. And secondly, the district court did read all of the DNA litigation is lodged in the district court. They did review it. They did review all of the DNA litigation. And we've looked, and we've seen the record. There's this much DNA litigation. And it's lodged in the district court. And the district court does review it in all its tediousness. And that's a big part of this case. So I think it's right for consideration. When did you first advise us that the Supreme Court acted on April 20, 2011, to hold this was untimely? It may have been in a 28J letter. I didn't see anything from you until this 28J letter that came in Friday that Judge Beislein never saw before. I really wasn't trying to deceive the court in any way. There's this issue about none of these. You concede that the Supreme Court denied this on? Yes. All right. And what impact does that have on your argument and our? Does it have any mooting effect? Well, there's three different arguments. With respect to the DNA argument, I think it has absolutely no impact whatsoever. With respect to the first argument, I think that what it does is it limits the very first argument to a Walker v. Martin analysis. So at this point, yes, under Pace, once you have a time bar, the time bar deems the habeas petitions to be improperly filed and therefore not amenable to tolling. But I think what happens with Walker v. Martin, it opens the door to a case-by-case analysis as to whether the time bar is applied in a freakish way. You know, it's really quite astonishing that you don't tell us about Walker v. Martin until this morning. Did the other side get this 28-J letter? I got it this morning. I filed it Friday. It doesn't make any difference. I mean, this case is right for oral argument today, and you drop on us a Supreme Court case that was decided in February. It should have been before us long ago so we'd had an opportunity to take a look at it. Why didn't we get it until Friday? Simply because I just didn't start preparing for oral argument until Friday, and then I noticed, I saw the issue, and there's so many issues in this case. It's just a matter of juggling all the new Supreme Court. Why is what we're talking about here novel and an unforeseen requirement without fair or substantial support? I mean, this is talking about really very unusual things, and to me, this case seems like a garden variety case. Well, I think the time bar is not. I think the time bar, at least the Superior Court time bar, specifically states that the petitioner failed to provide any justification for the delay, and that's flatly and patently wrong and erroneous. Why? Because he did provide justification for the delay. He has the three-page justification that he provides with the Superior Court habeas petition. He does that consistently throughout all the cases. What the court means is that the justification isn't sufficient to get what he wants. But that's not what the court really said. He didn't say you didn't provide sufficient justification. It says you provided no justification, and that's completely erroneous. And you really think that means that you didn't file any papers? I mean, that's the way courts talk. We have something before us that claims that it's justification, but guess what? It's not. I think I take the minute order at its word, and it says there's no justification. It could easily have just said insufficient. It says that in other parts of the order. So it should have said what it meant. Secondly, it's not the only reason that makes it erroneous. The only thing that makes it erroneous is it says it should have brought the claim in 2000. I'm going to get the dates confused, but 2001 or 2002, but between the trial and the direct appeal, let's say. And that's also patent and false. You don't have to bring habeas before you've even finished direct review. So the Superior Court judge evaluated the delay also incorrectly. And under Martin v. Walker, it should at least be an opportunity, not for this court to decide, but at least to remand it to the district court for an appropriate determination, because even though Pace suggests that a time bar is a time bar and that's it, that's actually not exactly the case. There's still an open door for an opportunity to show that the time bars are potentially inadequate. Now, under Walker v. Martin, they're not inadequate simply because California's time rules are vague and discretionary and open-ended. That's no longer a viable argument, but there is an opportunity for a case-by-case analysis. And I think here, at least, there's enough evidence on the record to justify a remand for an analysis. You at least need the analysis. You have a minute. Would you like to save that to answer the other side? Certainly. Thank you. In this time? It is. It's fine. I happen to have been the trial judge in the Osborne case, and I just don't recall any issues being addressed with regard to tolling. I don't think that even came up at all in the Osborne case. So you're saying implicitly? I'm saying that in their analysis in Osborne, what they say is that when they analyze the Alaskan statutes, they characterize them, the DNA testing statutes and the relief statutes, which are not in the same statute in Alaska, they characterize them as post-conviction relief statutes. And so you're right. There is no holding in Osborne that directly goes to whether it's appropriate for tolling. But it consistently characterizes DNA testing statutes and relief statutes as post-conviction statutes and legislation. So in that regard. Now, with regard to the DNA testing, some circuits suggest that it's just merely a discovery matter and shouldn't have any tolling at all. Others, maybe Texas, suggest different. What's your argument in that regard? So all of those cases all predate Osborne. And I think Osborne changes the analysis. And it changes the analysis because it tells us that testing and relief, relief which undeniably is an attack on the judgment, are inextricably intertwined. We can't see them separately. They are a constitutional right that go hand-in-hand together. And if you look at the testing statutes, which you see, even if they don't incorporate relief in them, although due process requires the scheme be like that, even the testing statutes have a materiality requirement. And in the materiality requirement, it is an assessment of the case and the judgment. What they're saying is, even California 1405F4 says you have to show that DNA would tell you the identity of the perpetrator. So if we're talking about the identity of the perpetrator and you can't get testing unless you can prove that the DNA testing would identify who is guilty in this case. But you have to file an entirely different petition in order to accomplish that. You do. And Osborne requires that there be a scheme, that they still go hand-in-hand even if they're not in the same statute. But what I just wanted to point out is even the testing statute itself requires an assessment of the case unlike any other kind of discovery motion. When you ask for just any other type of discovery, you don't have to show that that discovery would definitively show whether you were innocent or guilty. And DNA evidence is distinctly different in that respect. And that's what Osborne holds. We'll reserve some time for you to rebut. Thank you, Your Honor. We'll hear from the other side. May it please the Court, Deputy Attorney General Mary Sanchez on behalf of the respondent. Petitioner filed a Rule 28J letter on Friday at 4 PM, which I got this morning, citing Walker versus Martin for the proposition that California's time bar may be inadequate when discretion has been exercised to impose novel and unforeseeable requirements without fair or substantial support in prior state law. I took a look at the Walker case. And then I took a look at the trial court's minute order that has been cited and referred to by opposing counsel from 2004, where he states, these are the following reasons for denying that petition in 2004. These issues could have been raised in an appeal. There is no explanation for raising them now. These matters were known to the petitioner in 2002. There is no explanation for the delay in presenting these facts to the court. Now, these are not new and novel or unforeseeable requirements that were just arbitrarily placed on this petitioner in 2004. This is case law. He cites cases for the 1970s and, of course, In re Clark, 1993. So Walker has no application to a petitioner's argument here. And her suggestion that this case be remanded back to the district court is unsupportable. This case has been in the district court. There is certainly sufficient evidence before this court, certainly sufficient pleadings for this court to decide the issues here. Counsel also relies overly on the Osborne case. And it really reads too much into that Osborne case. It's a section 1983 case dealing with Alaska's statute at that time, dealing with DNA evidence. This case deals with Penal Code Section 1405. That's California's statutory scheme for convicted prisoners being allowed to test DNA evidence. He got his DNA test several years ago. It came back a match to one of the victims. He had four victims. After it came back with a match to one of the victims, his DNA attorney petitioned the court to close the file. In other words, she didn't want to see anymore. She'd seen enough. Now, there are four victims in this case with a very distinctive modus operandi. So when you've got DNA evidence that is nailing him to one victim, it certainly applies to the other three victims as well. And that's why his claim of actual innocence is a complete smokescreen. It's a red herring. There is no actual innocence claim that has any viability in this case. And unless the court has any questions. No, but it would have been nice if you had notified us that on April 20, the Supreme Court wiped out this case. Your Honor, I had no notification of that. You don't follow your cases? I looked on the website. And the website, I followed it on Friday just to see what had happened. And it said that it had been on the website that it had been denied. But it didn't say with any citation. Robbins. It cites Robbins. But I never, yeah, I realize that. But I never got a copy. OK, I accept your statement that it wouldn't have been nice to tell us the case was rendered moot on April 20. I wish I could have. I wish I had known that it had been denied with a citation to Robbins. When I read the website, I thought it had been denied us silently. All right, thank you. Thank you, Your Honor. I'd like to make two points, specifically with equitable tolling. Whether there are time bars are irrelevant to the equitable tolling argument, if I could say that briefly. The whole point is that Pace, for the first time, told us that the time bars would render habeas petitions unable to toll the statute of limitations. And so when petitioner first starts with the state habeas litigation, his belief is that he needs to bring everything in one claim, finish his investigation, and then California will give him a reasonable time to do that. And that reasonable time is unknown. We don't know what it is. It can be eight years. It can be a month. It just depends on how big your case is. In this case, we have the lawyer during the sanity phase admitting on the record he did zero investigation, nothing. No DNA testing, didn't even hire mental health experts for the sanity hearing. So nothing's done in this case. This poor man has to investigate everything from a prison cell, and he's got multiple life sentences. So I just want to just emphasize that the equitable tolling argument is based on uncertainty in the law, and that he didn't know that his state habeas petitions wouldn't be tolled, and that he would have enough time. So the time bars are somewhat irrelevant to the equitable tolling argument. Secondly, with respect to the actual innocence claim being a sham, I think we have to be really skeptical when states and prosecutors have DNA evidence, and they don't test it. Why aren't they testing it? Why is there the saliva on a victim? And they only test the victim and her two boyfriends, and they never figure out if they're not. This is improper rebuttal, counsel. Thank you very much. The case just argued is ordered and submitted. Thank you. Thank you. We'll call the next case Romero versus Harrington.
judges: Beistline, Trott, Rymer